## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

|  |  |  |
|---|---|---|
| SHARON K. HENGGELER and DAVID RANDALL, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | **Case No.: 8:11-CV-334** |
|  | ) |  |
| Plaintiffs, | ) | **FIRST AMENDED** |
|  | ) | **CLASS ACTION** |
| vs. | ) | **COMPLAINT and** |
|  | ) | **JURY DEMAND** |
| BRUMBAUGH & QUANDAHL P.C., LLO, KIRK E. BRUMBAUGH, MARK QUANDAHL, LIVINGSTON FINANCIAL, LLC, MIDLAND FUNDING, LLC, d/b/a ENCORE FUNDING, LLC, A Fictitious Name, and LVNV Funding, LLC, | ) ) ) ) ) ) ) ) |  |
|  | ) |  |
| Defendants. | ) ) |  |

## I.    INTRODUCTION

1.     This is a consumer class action brought pursuant to the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter  FDCPA  or  Act )

and the Nebraska Consumer Protection Act ( NCPA ) Neb. Rev. Stat. § 59-1601

*et seq.*  Plaintiffs Sharon K. Henggeler and David Randall, on behalf of themselves

and all persons similarly situated, seek declaratory judgment, injunctive relief, and

statutory damages against Defendants Brumbaugh & Quandahl P.C., LLO, Kirk E.

1

Brumbaugh, Mark Quandahl, Livingston Financial, LLC, Midland Funding, LLC,

using the fictitious name of Encore Funding LLC, and LVNV Funding, LLC for

their routine practice of sending letters in the form of those sent to Mrs. Henggeler

and Mr. Randall which appear on the letterhead of a law firm and state:  There was

no attorney involvement in sending this letter  thereby (1) falsely representing or

implying that a communication is from an attorney in violation of 15 U.S.C.

§1692e(3); and (2) using any false representation or deceptive means to collect or

attempt to collect any debt in violation of 15 U.S.C. §1692e and e(10).  *Lesher v.*

*Law Offices of Mitchell N. Kay, PC*, ___ F.3d___, 2011 WL 2450964 (3d Cir.

2011).  In addition, Midland Funding, LLC is using a fictitious name  Encore

Funding, LLC  when attempting to collect alleged debts from Nebraska residents

in violation of 15 U.S.C. § 1692e(14).

## II.    <u>JURISDICTION</u>

2.     Subject matter jurisdiction of this Court arises under 15 U.S.C. §

1692k(d), 28 U.S.C. § 1331 and 1337.  Jurisdiction over the supplemental state law

claim arises under 28 U.S.C. § 1367.

3.     In personam jurisdiction exists and venue is proper as the Defendants

regularly do business in this district.  Plaintiff is a resident of this district and the

alleged violations occurred here.  See 28 U.S.C. § 1391.

III.  **PARTIES**

4.  Plaintiff Sharon K. Henggeler ( Mrs. Henggeler ) is an adult individual residing in Omaha, Nebraska.

5.  Plaintiff David Randall ( Mr. Randall ) is an adult individual residing in Omaha, Nebraska.

6.  At all times material hereto, Mrs. Henggeler and Mr. Randall and each member of the class they seek to represent are  consumers  as that term is contemplated in §1692a of the Act.

7.  Defendant Brumbaugh & Quandahl P.C., LLO ( Brumbaugh & Quandahl ) is a law firm engaged in the business of collecting debts due or alleged to be due to others across the state of Nebraska, with their place of business located in Omaha, Nebraska and is a  debt collector  as that term is contemplated in §1692a(6) of the Act.

8.  Defendant Kirk E. Brumbaugh ( Mr. Brumbaugh ) is an attorney at law and an owner and operator of Defendant Brumbaugh & Quandahl and is engaged in the business of collecting debts due or alleged to be due to others across the state of Nebraska, with his place of business located in Omaha, Nebraska.  He is a  debt collector  as that term is contemplated in §1692a(6) of the Act.

3

9.     Defendant Mark Quandahl ( Mr. Quandahl ) is an attorney at law and an owner and operator of Defendant Brumbaugh & Quandahl and is engaged in the business of collecting debts due or alleged to be due to others across the state of Nebraska, with his place of business located in Omaha, Nebraska.  He is a  debt collector  as that term is contemplated in §1692a(6) of the Act.

10.     Defendants Brumbaugh & Quandahl, Mr. Brumbaugh, and Mr. Quandahl  routinely send, or cause to be sent, letters in the form of the letters sent to Mrs. Henggeler and Mr. Randall which appear on the letterhead of a law firm and state,  There was no attorney involvement in sending this letter  in violation of the FDCPA, 15 U.S.C. §1692e.

11.     Defendant Livingston Financial LLC ( Livingston ) is a corporation engaged in the business of collecting those debts due or alleged to be due to others across the state of Nebraska, with its principal place of business located in Minneapolis, Minnesota.  Livingston is a  debt collector  as that term is contemplated in §1692a(6) of the Act.

12.     Defendant Livingston purchases consumer debts from the original creditor which are delinquent when acquired.

13.     Defendant Midland Funding, LLC ( Midland ) is a limited liability company using the fictitious name Encore Funding, LLC, ( Encore ) for the

4

purpose of collecting alleged debts in the state of Nebraska and is engaged in the business of collecting those debts due or alleged to be due to others across the state of Nebraska. Midland as Encore is a debt collector as that term is contemplated in §1692a(6) of the Act. Midland does not disclose its true identity to the consumers from whom it is attempting to collect debts.

14.     Defendant Midland purchases consumer debts from the original creditors which are delinquent when acquired.

15.     Defendant LVNV Funding, LLC ( LVNV ) is a corporation engaged in the business of collecting those debts due or alleged to be due to others across the state of Nebraska, with its principal place of business located in Charleston, South Carolina. LVNV is a debt collector as that term is contemplated in §1692a(6) of the Act.

16.     Defendant LVNV purchases consumer debts from the original creditor which are delinquent when acquired.

17.     Defendants are all entities who contributed to or participated in, or authorized, and/or implemented the policies regarding the acts complained of or conspired with the named Defendants to commit the acts complained of which caused injuries to the Plaintiffs and the class. Each Defendant acted as principal and agent, each of the other, and combined and concurred each with the others in

5

committing the acts complained of herein.

18.    Plaintiffs allege that at all times relevant herein, each of the Defendants were, and are now, the agent, servant, employee, and/or other representative of the other Defendants, and in doing the things herein alleged, were acting within the scope, purpose and authority of such agency, service, employment and/or other representative capacity with the permission, knowledge, consent and ratification of the other Defendants.  Any reference hereinafter to Defendants,  without further qualification, is meant by Plaintiffs to refer to each Defendant named above.

## IV.    FACTUAL ALLEGATIONS

19.    Defendants Brumbaugh & Quandahl, Mr. Brumbaugh, and Mr. Quandahl sent, or caused to be sent, a letter dated November 3, 2010 to Mrs. Henggeler attempting to collect a debt alleged to be due Defendant Livingston.  A copy is attached hereto as Exhibit A.

20.    Defendants Brumbaugh & Quandahl, Mr. Brumbaugh, and Mr. Quandahl sent, or caused to be sent, a letter dated September 26, 2011 to Mr. Randall attempting to collect a debt alleged to be due Defendant LVNV.  A copy is attached hereto as Exhibit B.

21.    The alleged debts referenced in Exhibits A & B were incurred for

personal, family, or household purposes.

22.    Exhibit A was the first letter sent by Brumbaugh & Quandahl, Mr. Brumbaugh, and Mr. Quandahl to Mrs. Henggeler regarding the debt allegedly due to Livingston.

23.    Exhibit B was the first letter sent by Brumbaugh & Quandahl, Mr. Brumbaugh, and Mr. Quandahl to Mr. Randall regarding the debt allegedly due to LVNV.

24.    Exhibits A & B appear on the letterhead of Brumbaugh & Quandahl P.C., LLO, a law firm.

25.    The first sentence of Exhibit A states:   This office represents Livingston Financial LLC in the matter identified above.

26.    Toward the bottom of the letter, Exhibit A states:   Disclaimer: There was no attorney involvement in sending this letter.

27.    Exhibit A is signed BRUMBAUGH & QUANDAHL P.C., STAFF.

28.    The first sentence of Exhibit B states:   This office represents LVNV FUNDING LLC in the matter identified above.

29.    Toward the bottom of the letter, Exhibit B states:   Disclaimer: There was no attorney involvement in sending this letter.

30.     Exhibit B is signed BRUMBAUGH & QUANDAHL P.C., STAFF.

31.     Defendants Brumbaugh & Quandahl, Mr. Brumbaugh, and Mr. Quandahl sent, or caused to be sent, a letter dated May 19, 2011 to Mrs. Henggeler attempting to collect a debt alleged to be due Defendant Midland, using the name Encore.  A copy is attached hereto as Exhibit C.

32.     The alleged debt referenced in Exhibit C was incurred for personal, family, or household purposes.

33.     Exhibit C was the first letter sent by Brumbaugh & Quandahl, Mr. Brumbaugh, and Mr. Quandahl to Mrs. Henggeler regarding the debt allegedly due to Encore.

34.     Exhibit C appears on the letterhead of Brumbaugh & Quandahl P.C., LLO, a law firm.

35.     The heading of Exhibit C includes:   RE: Midland Credit Management.

36.     The first sentence of Exhibit C states:   This office represents Encore Funding LLC in the matter identified above.

37.     Exhibit C further states:

**Please make checks payable to Encore Funding LLC**

8

(Emphasis in the original.)

38.    Toward the bottom of the letter, <u>Exhibit C</u> states:  Disclaimer: There was no attorney involvement in sending this letter.

39.    <u>Exhibit C</u> is signed BRUMBAUGH & QUANDAHL P.C., STAFF.

40.    Upon information and belief, Defendants Kirk E. Brumbaugh and Mark Quandahl personally designed, implemented, directed, and supervised the collection practices and policies of Brumbaugh & Quandahl including the design and text of and the procedure for use of <u>Exhibits A, B, and C</u>.

41.    On information and belief, Livingston, LVNV and Midland employed Brumbaugh & Quandahl, Mr. Brumbaugh, and Mr. Quandahl to assist with the collection of the alleged debts of Mrs. Henggeler and Mr. Randall.

42.    The alleged debts of Mrs. Henggeler and Mr. Randall referenced in <u>Exhibits A, B and C</u> were in default when obtained by Livingston, LVNV and Midland.

43.    Livingston, LVNV and Midland are  responsible for the activities of Brumbaugh & Quandahl, Mr. Brumbaugh, and Mr. Quandahl in attempting to collect the debts allegedly owed to them.

44.    Brumbaugh & Quandahl and Midland use the fictitious name Encore

Funding, LLC in their attempts to collect debts which Midland acquired after default and now allege to be owed to Encore, and do not disclose the true identity to the consumer.

46.    Midland is the true and correct party in interest having purchased the alleged debt from the original creditor or subsequent owner of the alleged debt, which is the subject of the collection letter designated as Exhibit C. Midland s name does not appear anywhere on Exhibit C.

47.    Defendants Brumbaugh & Quandahl, Mr. Brumbaugh, and Mr. Quandahl filed a county court lawsuit against Mrs. Henggeler with Encore stated as the plaintiff, while it was actually Midland seeking to collect the alleged debt.

48.    Encore Funding, LLC is not the true and correct name of the real party at interest for the alleged debt, the real party in interest is Midland Funding, LLC.

49.    Brumbaugh & Quandahl and Midland using the name Encore Funding, LLC filed a county court collection action in the County Court for Cass County, Nebraska, at Case No.: CI 11-520 against Sharon Henggeler.  A true and correct copy of that Complaint is attached hereto as Exhibit D.

50.  Midland s name or true identity is not disclosed to the consumer anywhere on Exhibit D.

10

## V.     DEFENDANTS  ROUTINE PRACTICES

51.     It is and was the policy and practice of Defendants Livingston and Midland, and LVNV to purchase consumer accounts in default and to employ Defendants Brumbaugh & Quandahl, Mr. Brumbaugh, and Mr. Quandahl to act as their  attorney to collect those alleged debts.

52.     It is and was the policy and practice of Defendants to send letters in the form of Exhibits A, B and C.

53.     It is and was the policy and practice of Defendant Midland to use the fictitious name of Encore Funding, LLC in its attempts to  collect debts which it acquired after default and alleges to be owed to it, without ever disclosing its true identity to the consumer.

## VI.   CLASS ALLEGATIONS

First FDCPA Class:

54.     This action is brought on behalf of a class of similarly situated persons defined as the first FDCPA class which includes: (i) all Nebraska residents to whom Defendant Brumbaugh & Quandahl sent or caused to be sent a letter in the form of Exhibits A, B and/or C (ii) on behalf of Defendants Livingston, LVNV or Midland (iii) which stated   Disclaimer: There was no attorney involvement in

11

sending this letter.   (iv) in an attempt to collect a debt incurred for personal, family, or household purposes (v) during the one year period prior to the filing of the complaint in this matter.

Second FDCPA Class:

55.    This action is brought on behalf of a second class of similarly situated persons defined as the second FDCPA class which includes: (i) all Nebraska residents to whom Defendant Brumbaugh & Quandahl sent or caused to be sent a letter in the form of Exhibit C (ii) on behalf of Defendant Midland using the name Encore Funding, LLC (iii) in an attempt to collect a debt incurred for personal, family, or household purposes (iv) during the one year period prior to the filing of the complaint in this matter.

FDCPA SubClass:

56.    This class is brought on behalf of a subclass of similarly situated persons defined as the first FDCPA Subclass which includes: (i) all Nebraska residents sued by Defendant Brumbaugh & Quandahl (ii) on behalf of defendant Midland using the fictitious name Encore Funding, LLC (iii) in an attempt to collect a debt incurred for personal, family, or household purposes (iv) during the one year period prior to the filing of the complaint in this matter.

First NCPA Class:

12

57.     This action is brought on behalf of a class of similarly situated persons defined as the first NCPA class which includes: (i) all Nebraska residents to whom Defendant Brumbaugh & Quandahl sent or caused to be sent a letter in the form of Exhibits A, B and/or C (ii)  on behalf of Defendants Livingston, LVNV or Midland (iii) which stated   Disclaimer: There was no attorney involvement in sending this letter.  (iv) in an attempt to collect a debt incurred for personal, family, or household purposes (v) during the four year period prior to the filing of the complaint in this matter.

Second NCPA Class:

58.     This action is brought on behalf of a forth class of similarly situated persons defined as the second NCPA class which includes: (i) all Nebraska residents to whom Defendant Brumbaugh & Quandahl sent or caused to be sent a letter in the form of Exhibit C (ii) on behalf of Defendant Midland using the name Encore Funding, LLC (iii) in an attempt to collect a debt incurred for personal, family, or household purposes (iv) during the four year period prior to the filing of the complaint in this matter.

NCPA Subclass:

59.     This class is brought on behalf of a subclass of similarly situated persons defined as the first NCPA Subclass which includes: (i) all Nebraska

residents sued by Defendant Brumbaugh & Quandahl (ii) on behalf of defendant Midland using the fictitious name Encore Funding, LLC (iii) in an attempt to collect a debt incurred for personal, family, or household purposes (iv) during the four year period prior to the filing of the complaint in this matter.

60.     As appropriate, the proposed classes may be divided into subclasses determined by the current creditor, *e.g.* - Livingston Financial LLC, LVNV Funding, LLC, or Midland Funding LLC.

61.     On information and belief based on Defendants use of form letters, the class is so numerous that joinder of all members is impractical.

62.     There are questions of law and fact common to the class, which common questions predominate over any issues involving only individual class members.  The principal question is whether Defendants letter in the form of Exhibits A, B and/or C violate 15 U.S.C. ÿÿ 1692e, 1692e(3), 1692e(10), and 1692e(14).

63.     Plaintiffs claims are typical of the class members.  All are based on the same facts and legal theories.

64.     Plaintiffs will fairly and adequately represent the interests of the class members.  Plaintiffs have retained counsel experienced in class actions and debt collection abuse cases.

65.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Individual cases are not economically feasible.

66.     Certification of the Classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

> (a)     The questions of law or fact common to the members of the Classes predominate over any questions affecting only individual members; and

> (b)     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

67.     Certification of a class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate.  Defendants have acted in a uniform manner toward the class thereby making injunctive and declaratory relief appropriate.

68.     Plaintiffs request that the Court certify a hybrid class or classes combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## VII.   COUNT I -- FAIR DEBT COLLECTION PRACTICES ACT

69.     Plaintiffs repeat, reallege, and incorporate by reference the foregoing

paragraphs.

70.     Defendants: (a) used false representation or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692e and e(10); and (b) falsely represented or implied that a communication is from an attorney in violation of 15 U.S.C. §1692e(3). Underline See: *Lesher v. Law Offices of Mitchell N. Kay, PC*, ___ F.3d___, 2011 WL 2450964 (3d Cir. 2011).

71.     Defendant Midland violated the FDCPA, 15 U.S.C. § 1692e(14) by using the name of Encore Funding, LLC, which is a violation under the section cited above, as that section makes it a violation of the Act to use a business, company, or organization name other than the true name of the debt collector s business, company, or organization.

WHEREFORE, Plaintiffs Sharon K. Henggeler and David Randall request that judgment be entered for themselves and the class they seek to represent against Defendants Brumbaugh & Quandahl P.C., LLO, Kirk E. Brumbaugh, Mark Quandahl, Livingston Financial, LLC, LVNV Funding, LLC, and Midland Funding LLC for:

    A.     Certification of this action to proceed as a class action;

    B.     Actual and Statutory damages to the Plaintiffs and the class, pursuant to 15 U.S.C. §1692k(a)(2);

16

C.    Entry of a Declaratory Judgment finding that the practices challenged herein violate the FDCPA;

D.    Costs and reasonable attorneys fees pursuant to 15 U.S.C. §1692k(a)(2); and

E.    Such other and further relief as the court deems just and equitable.

## COUNT II - CONSUMER PROTECTION ACT

72.    Plaintiffs incorporate by reference the allegations contained above as if the same were here set forth at length.

73.    Defendant Brumbaugh & Quandahl is a Person engaged in Trade or Commerce as those terms are contemplated in the Consumer Protection Act, Neb. Rev. Stat. § 59-1601.

74.    Defendant Kirk E. Brumbaugh is a Person engaged in Trade or Commerce as those terms are contemplated in the Consumer Protection Act, Neb. Rev. Stat. § 59-1601.

75.    Defendant Mark Quandahl is a Person engaged in Trade or Commerce as those terms are contemplated in the Consumer Protection Act, Neb. Rev. Stat. § 59-1601.

76.     Defendant Livingston is a  Person  engaged in  Trade or Commerce as those terms are contemplated in the Consumer Protection Act, Neb. Rev. Stat. § 59-1601.

77.     Defendant LVNV Funding, LLC is a  Person  engaged in  Trade or Commerce  as those terms are contemplated in the Consumer Protection Act, Neb. Rev. Stat. § 59-1601.

78.     Defendant Midland is a  Person  engaged in  Trade or Commerce  as those terms are contemplated in the Consumer Protection Act, Neb. Rev. Stat. § 59-1601.

79.     Sending letters in the form of <u>Exhibits A, B and/or C</u> constitute unfair or deceptive acts or practices, in violation of Neb. Rev. Stat. §59-1602. The collection of any amounts as a result of said acts also constitute unfair or deceptive acts or practices, in violation of Neb. Rev. Stat. §59-1602.

80.      Additionally, the use of the name Encore Funding, LLC without revealing Midland s true identity constitutes an unfair or deceptive practice.

81.     These violations cause financial injury to the Plaintiff and the Class and bringing this claim is in the public interest.

WHEREFORE, Plaintiffs Sharon K. Henggeler and David Randall request

18

that judgment be entered for themselves and the class they seek to represent against Defendants Brumbaugh & Quandahl P.C., LLO, Kirk E. Brumbaugh, Mark Quandahl, Livingston Financial, LLC, LVNV Funding, LLC, and Midland Funding LLC for:

A. Certification of this action to proceed as a class action;

B. Actual and Statutory damages for the Plaintiffs and each class member, pursuant to Neb. Rev. Stat. § 59-1609;

C. Injunctive Relief;

D. Costs and reasonable attorneys fees pursuant to Neb. Rev. Stat. § 59-1609; and

E. Such other and further relief as the Court shall allow, pursuant to Neb. Rev. Stat. § 59-1609.

## VIII. <u>JURY DEMAND</u>

Plaintiffs Sharon K. Henggeler and David Randall hereby demand trial by jury of all claims so triable.

Dated this 16th day of October, 2011

Sharon K. Henggeler and David
Randall, On behalf of themselves and
all others similarly situated, Plaintiffs,

By: */s/ William L. Reinbrecht*
Pamela A. Car, #18770
William L. Reinbrecht, #20138
Car & Reinbrecht, P.C., LLO
8720 Frederick Street, Suite 105
Omaha, NE 68124
1 (402) 391-8484
Fax: 1 (402) 391-1103
E-mail: pacwlr@earthlink.net

and

O. Randolph Bragg
HORWITZ, HORWITZ & ASSOC.
25 East Washington St., Suite 900
Chicago, IL 60602
(312) 372-8822
(312) 372-1673 (FAX)
E-mail: rand@horwitzlaw.com

ATTORNEYS FOR PLAINTIFFS
AND THE PUTATIVE CLASS

20

### Certificate of Service

I hereby certify that on October 16, 2011, I electronically filed the foregoing with the Clerk of court using the CM/ECF system which will send notification of such filing to the following:

NONE

And I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Brumbaugh & Quandahl, P.C., LLO
4885 South 118th Street, Suite 100
Omaha, NE 68137

Livingston Financial, LLC
Attn: Joseph Dressel
100 South Fifth Street, Suite 1400
Minneapolis, MN 55402

Midland Funding, LLC
Attn: CSC Lawyers Incorporating Service, Co.
233 South 13th Street, Suite 105
Lincoln, NE 68508

Mark Quandahl
4885 South 118th Street, Suite 100
Omaha, NE 68137

Kirk Brumbaugh
4885 South 118th Street, Suite 100
Omaha, NE 68137

LVNV Funding, LLC
200 Meeting Street, Suite 206
Charleston, SC 29401

*/s/ William L. Reinbrecht*
William L. Reinbrecht, #20138