IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHARON K. HENGGELER, On behalf of herself and all others similarly situated, and DAVID RANDALL, on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>V.<br><br>BRUMBAUGH & QUANDAHL, P.C., LLO, KIRK E. BRUMBAUGH, MARK QUANDAHL, LIVINGSTON FINANCIAL, LLC, MIDLAND FUNDING, LLC, A Fictitious Name, and LVNV FUNDING, LLC,<br><br>　　　　　Defendants. | 8:11CV334<br><br>ORDER |

　　　Plaintiffs have filed a motion (filing 50) requesting that they be granted leave to take the depositions of witnesses that Defendant Midland Funding, LLC ("Midland") proffered in support of its Motion to Stay and Compel Arbitration (filing 45). Plaintiffs' request for limited discovery will be granted, in part.

## BACKGROUND

　　　This case involves claims that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., and the Nebraska Consumer Protection Act ("NCPA"), Neb. Rev. Stat. § 59-1601, *et seq*.. Generally, Plaintiffs maintain that the defendants used false representations and deceptive means to collect or attempt to collect debt and that Midland violated 15 U.S.C. § 1692e(14) by using a fictitious name when attempting to collect debts from Nebraska residents. (Filing 1.)

　　　Midland has filed a motion requesting that the court stay the case and compel

arbitration, or alternatively, dismiss this action ("Motion to Stay") (filing 45). According to Midland, Plaintiff Sharon Henggeler ("Henggeler") should be forced to arbitrate this dispute because she entered into a Cardmember Agreement ("Agreement") with Chase Bank USA, N.A. ("Chase"), whose rights were subsequently assigned to Midland, and that the Agreement contained an arbitration clause. Midland argues that this action arises out of the Agreement and, therefore, pursuant to the Agreement's terms, this dispute is subject to arbitration.

In support of its Motion to Stay, Midland proffered the affidavits of three individuals: Christina Paperman ("Paperman"), Kyle Hannan ("Hannan") and Carrie Darling ("Darling"). (Filing 46.) Paperman, a Chase employee, attested that Chase provided Henggeler with a Cardmember Agreement and credit card account on or about February 11, 2005. Hannan, a Midland employee, testified that pursuant to a credit card account purchase agreement dated January 5, 2010, Midland purchased a pool of charged off accounts from Chase and that, through that transaction, Midland acquired all right, title and interest in the account issued by Chase to Henggeler. Darling, Midland's Assistant Secretary, attested that Midland adopted the fictitious name "Encore Funding LLC" for use in transacting business in Nebraska because Midland's true name was unavailable for registration as a foreign limited liability company. Plaintiffs desire to depose Paperman, Hannan and Darling in advance of responding to Midland's Motion to Stay.

## ANALYSIS

Plaintiffs argue that the depositions of Paperman, Hannan and Darling are necessary because Midland's Motion to Stay raises facts about two key issues: (1) whether Midland can enforce an arbitration agreement against Henggeler, and, if so, (2) whether the arbitration agreement extends to Midland's alleged use of a false name in violation of the FDCPA. Henggeler appears to dispute both the existence of an arbitration agreement and its contents. Therefore, the court will permit discovery limited to the issues of the existence of an arbitration agreement and the scope of any such agreement. However, this discovery shall be done through the use of written interrogatories and requests for admission, not by deposition as requested by Henggeler. Midland and Henggeler may serve upon one another

five interrogatories, excluding sub-parts, and five requests for admission.

**IT IS ORDERED:**

1. Plaintiffs' Motion for Leave to Take Expedited Depositions of Witnesses Proffered by Midland Funding, LLC in Motion to Stay and Compel Arbitration or to Dismiss in Favor of Arbitration (filing 50) is granted, in part.

2. Plaintiff Henggeler is not, at this time, permitted to conduct depositions in this case. However, Henggeler and Midland may each serve upon the other five interrogatories, not including sub-parts, and five requests for admission. This written discovery must be concluded by or before April 30, 2012.

3. Midland's Motion to Stay and to Compel Arbitration, or Alternatively, Motion to Dismiss in Favor of Arbitration (filing 45) will be held in abeyance pending the conclusion of the previously-mentioned written discovery. Plaintiffs shall respond to Midland's Motion to Stay by or before May 7, 2012.

**DATED March 7, 2012.**

            **BY THE COURT:**

            S/ F.A. Gossett
            **United States Magistrate Judge**