## UNITED STATES DISTRICT COURT
## DISTRICT OF NEBRASKA

| | |
|---|---|
| SHARON K. HENGGELER and DAVID RANDALL, on behalf of themselves and all others similarly situated, ) ) ) ) | CASE NO.: 8:11-CV-334 |

SHARON K. HENGGELER and DAVID RANDALL, on behalf of themselves and all others similarly situated,   )
)
)
)
          Plaintiffs,   )
)
)
v.   )
)
BRUMBAUGH & QUANDAHL, P.C., LLO, KIRK E. BRUMBAUGH, MARK QUANDAHL, LIVINGSTON FINANCIAL, LLC, MIDLAND FUNDING, LLC, d/b/a ENCORE FUNDING, LLC, and LVNV FUNDING, LLC.   )
)
)
)
)
)
)
)

CASE NO.: 8:11-CV-334

**DEFENDANT LVNV FUNDING AND LIVNGSTON FINANCIAL'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT**

          Defendants.

COMES NOW, Defendants, LVNV Funding ("LVNV") and Livingston Financial ("Livingston"), collectively referred to as "Defendants") and submit the following Answer and Affirmative Defenses to Plaintiffs' Amended Complaint:

### Introduction

1.  Defendants acknowledge that Plaintiffs have filed a class action lawsuit against Defendants for alleged violations of the Fair Debt Collection Practices Act ("FDCPA") and the Nebraska Consumer Protection Act ("NCPA"), but Defendants deny any violations of the FDCPA or the NCPA and denies this action meets the requirements of a class action.

### Jurisdiction

2.  Defendants acknowledges that Plaintiffs allege subject matter jurisdiction involves a federal question pursuant to 15 U.S.C. §1692, and supplemental jurisdiction pursuant to 28 U.S.C. §1331 and 1337, but Defendants defer all matters

of subject matter jurisdiction to the Court and denies the remainder of ¶ 2 of the Amended Complaint.

3.   Defendants admit the allegations of ¶ 3 of the Amended Complaint for venue purposes only.

## Parties

4.   Defendants lack knowledge or information sufficient to admit or deny the allegations in ¶ 4 of the Amended Complaint and therefore denies the same.

5.   Defendants lacks knowledge or information sufficient to admit or deny the allegations in ¶ 5 of the Amended Complaint and therefore denies the same.

6.   Paragraph 6 of the Amended Complaint states a legal conclusion in which no response is required.  To the extent that a response is required, Defendants deny ¶ 6 of the Amended Complaint.

7.   The allegations in ¶ 7 of the Amended Complaint are not directed towards Defendants, however to the extent that a response is required, Defendants deny the allegations in ¶ 7 of the Amended Complaint for lack of sufficient knowledge or information.

8.   The allegations in ¶ 8 of the Amended Complaint are not directed towards Defendants, however to the extent that a response is required, Defendants deny the allegations in ¶ 8 of the Amended Complaint for lack of sufficient knowledge or information.

9.   The allegations in ¶ 9 of the Amended Complaint are not directed towards Defendants, however to the extent that a response is required, Defendants deny the

allegations in ¶ 9 of the Amended Complaint for lack of sufficient knowledge or information.

10.  The allegations in ¶ 10 of the Amended Complaint are not directed towards Defendants, however to the extent that a response is required, Defendants deny the allegations in ¶ 10 of the Amended Complaint for lack of sufficient knowledge or information.

11.  Defendant Livingston Financial denies the allegations contained in  ¶ 11 of the Amended Complaint.

12.  To the extent that Livingston Financial understands the allegations contained in ¶ 12 of the Amended Complaint, Livingston Financial denies the same.

13.  The allegations in ¶ 13 of the Amended Complaint are not directed towards Defendants, however to the extent that a response is required, Defendants deny the allegations in ¶ 13 of the Amended Complaint for lack of sufficient knowledge or information.

14.  The allegations in ¶ 14 of the Amended Complaint are not directed towards Defendants, however to the extent that a response is required, Defendants deny the allegations in ¶ 14 of the Amended Complaint for lack of sufficient knowledge or information.

15.  Defendant LVNV Funding denies the allegations contained in  ¶ 15 of the Amended Complaint.

16.  To the extent that LVNV Funding understands the allegations contained in ¶ 16 of the Amended Complaint, LVNV Funding denies the same.

17.  Defendants deny the allegations contained in  ¶ 17 of the Amended Complaint.

18. Defendants deny the allegations contained in   ¶ 18 of the Amended Complaint.

**Factual Allegations**

19. Defendants lacks knowledge or information sufficient to admit or deny the allegations in ¶ 19 of the Amended Complaint and therefore denies the same.

20. Defendants lacks knowledge or information sufficient to admit or deny the allegations in ¶ 20 of the Amended Complaint and therefore denies the same.

21. Defendants lacks knowledge or information sufficient to admit or deny the allegations in ¶ 21 of the Amended Complaint and therefore denies the same.

22. Defendants lacks knowledge or information sufficient to admit or deny the allegations in ¶ 22 of the Amended Complaint and therefore denies the same.

23. Defendants lacks knowledge or information sufficient to admit or deny the allegations in ¶ 23 of the Amended Complaint and therefore denies the same.

24. Defendants lacks knowledge or information sufficient to admit or deny the allegations in ¶ 24 of the Amended Complaint and therefore denies the same.

25. Defendants lacks knowledge or information sufficient to admit or deny the allegations in ¶ 25 of the Amended Complaint and therefore denies the same.

26. Defendants lacks knowledge or information sufficient to admit or deny the allegations in ¶ 26 of the Amended Complaint and therefore denies the same.

27. Defendants lacks knowledge or information sufficient to admit or deny the allegations in ¶ 27 of the Amended Complaint and therefore denies the same.

28. Defendants lacks knowledge or information sufficient to admit or deny the allegations in ¶ 28 of the Amended Complaint and therefore denies the same.

29. Defendants lacks knowledge or information sufficient to admit or deny the

allegations in ¶ 29 of the Amended Complaint and therefore denies the same.

30.  Defendants lacks knowledge or information sufficient to admit or deny the allegations in ¶ 30 of the Amended Complaint and therefore denies the same.

31.  Defendants lacks knowledge or information sufficient to admit or deny the allegations in ¶ 31 of the Amended Complaint and therefore denies the same.

32.  Defendants lacks knowledge or information sufficient to admit or deny the allegations in ¶ 32 of the Amended Complaint and therefore denies the same.

33.  Defendants lacks knowledge or information sufficient to admit or deny the allegations in ¶ 33 of the Amended Complaint and therefore denies the same.

34.  Defendants lacks knowledge or information sufficient to admit or deny the allegations in ¶ 34 of the Amended Complaint and therefore denies the same.

35.  Defendants lacks knowledge or information sufficient to admit or deny the allegations in ¶ 35 of the Amended Complaint and therefore denies the same.

36.  Defendants lacks knowledge or information sufficient to admit or deny the allegations in ¶ 36 of the Amended Complaint and therefore denies the same.

37.  Defendants lacks knowledge or information sufficient to admit or deny the allegations in ¶ 37 of the Amended Complaint and therefore denies the same.

38.  Defendants lacks knowledge or information sufficient to admit or deny the allegations in ¶ 38 of the Amended Complaint and therefore denies the same.

39.  Defendants lacks knowledge or information sufficient to admit or deny the allegations in ¶ 39 of the Amended Complaint and therefore denies the same.

40.  Defendants lacks knowledge or information sufficient to admit or deny the allegations in ¶ 40 of the Amended Complaint and therefore denies the same.

41. Defendants deny the allegations in ¶ 41 of the Amended Complaint.

42. Defendants deny the allegations in ¶ 42 of the Amended Complaint.

43. Defendants deny the allegations in ¶ 43 of the Amended Complaint.

44. Defendants lacks knowledge or information sufficient to admit or deny the allegations in ¶ 44 of the Amended Complaint and therefore denies the same.

45. There is no allegation in ¶ 45 of the Amended Complaint; therefore, Defendants deny the same.

46. Defendants lacks knowledge or information sufficient to admit or deny the allegations in ¶ 46 of the Amended Complaint and therefore denies the same.

47. Defendants lacks knowledge or information sufficient to admit or deny the allegations in ¶ 47 of the Amended Complaint and therefore denies the same.

48. Defendants lacks knowledge or information sufficient to admit or deny the allegations in ¶ 48 of the Amended Complaint and therefore denies the same.

49. Defendants lacks knowledge or information sufficient to admit or deny the allegations in ¶ 49 of the Amended Complaint and therefore denies the same.

50. Defendants lacks knowledge or information sufficient to admit or deny the allegations in ¶ 50 of the Amended Complaint and therefore denies the same.

**Routine Practices**

51. Defendants deny the allegations in ¶ 51 of the Amended Complaint.

52. Defendants deny the allegations in ¶ 52 of the Amended Complaint.

53. The allegations in ¶ 53 of the Amended Complaint are not directed towards Defendants, however to the extent that a response is required, Defendants deny the

allegations in ¶ 53 of the Amended Complaint for lack of sufficient knowledge or information.

**Class Allegations**

54. With respect to the allegation in Paragraph 54 of the Amended Complaint, Defendants acknowledges that Plaintiffs bring an action for similarly situation individuals, but deny that Defendants violated the Fair Debt Collection Practices Act ("FDCPA").

55. With respect to the allegation in Paragraph 55 of the Amended Complaint, Defendants acknowledges that Plaintiffs bring an action under the Fair Debt Collection Practices Act ("FDCPA"), but denies that Plaintiff has a valid cause of action under the FDCPA.

56. With respect to the allegation in Paragraph 56 of the Amended Complaint, Defendants acknowledges that Plaintiffs bring an action under the Fair Debt Collection Practices Act ("FDCPA"), but denies that Plaintiff has a valid cause of action under the FDCPA.

57. With respect to the allegation in Paragraph 57 of the Amended Complaint, Defendants acknowledges that Plaintiffs bring an action under the Fair Debt Collection Practices Act ("FDCPA"), but denies that Plaintiff has a valid cause of action under the FDCPA.

58. With respect to the allegation in Paragraph 58 of the Amended Complaint, Defendants acknowledges that Plaintiffs bring an action under the Nebraska Collection Practices Act ("NCPA"), but denies that Plaintiff has a valid cause of action under the NCPA.

59.   With respect to the allegation in Paragraph 59 of the Amended Complaint, Defendants acknowledges that Plaintiffs bring an action under the Nebraska Collection Practices Act ("NCPA"), but denies that Plaintiff has a valid cause of action under the NCPA.

60.   The allegations of ¶ 60 are denied.

61.   The allegations of ¶ 61 are denied.

62.   The allegations of ¶ 62 are denied.

63.   The allegations of ¶ 63 are denied.

64.   The allegations of ¶ 64 are denied.

65.   The allegations of ¶ 65 are denied.

66.   The allegations of ¶ 66 are denied.

67.   The allegations of ¶ 67 are denied.

68.   The allegations of ¶ 68 are denied.

**Count I – Fair Debt Collection Practices Act**

69.   The allegations of ¶ 69 are denied.

70.   The allegations of ¶ 70 are denied.

71.   The allegations of ¶ 71 are not directed towards Defendants; therefore, are denied.

**Count II – Nebraska Consumer Protection Act**

72.   The allegations of ¶ 72 are denied.

73.   The allegations of ¶ 73 are denied.

74.   The allegations of ¶ 74are denied.

75.   The allegations of ¶ 75 are denied.

76. The allegations of ¶ 76 are denied.

77. The allegations of ¶ 77 are denied.

78. The allegations of ¶ 78 are denied.

79. The allegations of ¶ 79 are denied.

80. The allegations of ¶ 80 are denied.

81. The allegations of ¶ 81 are denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1. Plaintiff fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

2. Defendants were not involved in any of the actions alleged in Plaintiffs' Amended Complaint.

### THIRD DEFENSE

3. Plaintiffs' claims are barred by waiver.

### FOURTH DEFENSE

4. Plaintiffs' claims are barred by estoppel.

### FIFTH DEFENSE

5. Plaintiffs' claims are barred by unclean hands.

### SIXTH DEFENSE

6. Defendants are not responsible for the conduct of the other defendants in this lawsuit.

### SEVENTH DEFENSE

7. Plaintiff has failed to mitigate any damages.

### EIGHTH DEFENSE

8. Defendants affirmatively alleges that if it is found that Defendant violated the FDCPA, Defendants' actions amounted to a bona fide error in which Defendants have procedures to avoid the unintended consequences.

## NINTH DEFENSE

9.   Defendants reserve that right to raise any additional defenses that become necessary throughout the development of this case.

WHEREFORE, Defendants, Livingston and LVNV respectfully requests that this Court:

1.   Dismiss Plaintiff's Cause of Action with Prejudice;
2.   Award interest, costs, and attorney fees to Defendants, and
3.   Any other relief that this Court deems appropriate.

Dated this 17th day of July, 2012.

Livingston Financial LLC & LVNV
Funding LLC, Defendants

By: s/ Cory J. Rooney
    Cory J. Rooney, #23113
    BRUMBAUGH & QUANDAHL, P.C.
    4885 S. 118th St., Suite 100
    Omaha, NE  68137
    402-554-4400
    402-554-0339
    crooney@bqlaw.com
    ATTORNEY FOR DEFENDANTS
    LIVINGSTON FINANCIAL LLC & LVNV
    FUNDING LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of July 2012, I electronically filed the foregoing using the CM/ECF system, which sent notification of such filing to the following:

Pamela A. Car
William L. Reinbrecht
Car, Reinbrecht Law Firm
8720 Frederick Street, Suite 105
Omaha, NE 68124
carlaw@uswest.net

O. Randolph Bragg
Horwitz, Horwitz, & Assoc.
25 East Washington St., Ste. 900
Chicago, IL 60602
rand@horwitzlaw.com

Douglas E. Quinn
MCGRATH, NORTH LAW FIRM
1601 Dodge Street
Suite 3700, First National Tower
Omaha, NE 68102-1627
Email: dquinn@mcgrathnorth.com

Joseph E. Jones
FRASER STRYKER PC, LLO
500 Energy Plaza
409 S. 17th St.
Omaha, NE 68102
jjones@fraserstryker.com

s/ Cory J. Rooney