IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHARON K. HENGGELER, on behalf of herself and all others similarly situated; and DAVID RANDALL, on behalf of himself and all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>BRUMBAUGH & QUANDAHL, P.C., LLO; KIRK E. BRUMBAUGH; MARK QUANDAHL;  LIVINGSTON FINANCIAL, LLC; MIDLAND FUNDING, LLC, a Fictitious Name; and  LVNV FUNDING, LLC,<br><br>Defendants. | 8:11CV334<br><br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on the motion of defendants Brumbaugh & Quandahl, P.C., LLO, Kirk E. Brumbaugh, and Mark Quandahl (hereinafter, "the Law Firm defendants") for certification of an interlocutory appeal, Filing No. 69. This is a putative class action lawsuit for alleged violations of the Fair Debt Collection Practices Act ("FDCPA") and the Nebraska Consumer Protection Act ("NCPA"), against a law firm, two individual attorneys, and three debt buyers or collection agencies. The plaintiffs allege that the Law Firm defendants violated the FDCPA and NCPA by sending allegedly misleading collection letters on behalf of those three entities and by filing collection actions under different names. This court denied the Law Firm defendants' Motion to Dismiss.  Filing No. 66, Memorandum & Order.

Under 28 U.S.C. § 1292(b), a district court may certify an interlocutory appeal of an order where the court determines that "'(1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will

materially advance the ultimate termination of the litigation.'" *Union Cnty., Iowa v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008) (quoting *White v. Nix*, 43 F.3d 374, 377 (8th Cir.1994)).  Permission to allow such appeals should only be granted sparingly and with discrimination, since it has "'long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants.'" *Union Cnty.*, 525 F.3d at 646 (quoting *Control Data Corp. v. International Bus. Machs. Corp.*, 421 F.2d 323, 325 (8th Cir.1970)).  The legislative history of § 1292(b) "'indicates that it was to be used only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation.'" *Union Cnty.*, 525 F.3d at 646 (quoting *United States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir.1966)).  Only "exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).  "The burden is on the movant 'to demonstrate that the case is an exceptional one in which immediate appeal is warranted.'" *White v. Nix*, 43 F.3d at 376.

    1.  Controlling Question of Law

The Law Firm defendants argue that the issues addressed in the court's Memorandum and Order are purely questions of law that involve statutory interpretation.  Further, they argue that an interlocutory determination of the legal questions at issue may resolve both the named plaintiffs' claims and the potential claims of all prospective class members, without the need for class certification proceedings or a lengthy and expensive trial.

A question of law is controlling "if reversal of the district court's order would terminate the action." *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990). The court finds the court's Memorandum and Order involves a "controlling question of law," in that if the court's order were reversed, the plaintiffs' case against them would be dismissed. However, the case involves other issues and other parties whose claims would not be resolved by a ruling in favor of the Law Firm defendants.

2.   Substantial Ground for Difference of Opinion

The Law Firm defendants argue that, although the Eighth Circuit has not ruled on whether individual shareholders of a debt-collecting entity are subject to personal liability under the FDCPA absent evidence that provides a basis for piercing the corporate veil, several circuit courts and a number of district courts are split on the issue. They also argue that this court's opinion is at odds with case of *Rockney v. Blohorn*, 877 F.2d 637, 642 (8th Cir. 1989), which held that courts should not interpret federal statutes as abandoning corporate limited-liability rules unless Congress clearly evidences an intent to do so. They assert that there is a substantial ground for difference of opinion with respect to the court's findings on whether the FDCPA is violated by use of a registered trade name and whether the letters are false and misleading.

"To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). The law may be unclear where "'the circuits are in dispute on the question and the court of appeals of the circuit has not

3

spoken on the point.'" *Id.* (quoting 2 Federal Procedure, Lawyers Edition § 3:212 (2011)).

The Eighth Circuit has spoken on the issue at hand, recently holding that the FDCPA's prohibitions should be applied to attorneys engaged in litigation on a case-by-case basis. *See Hemmingsen v. Messerli & Kramer, P.A.*, 674 F.3d 814, 819 (8th Cir. 2012). The splits of opinion in various district court cases is of little consequence to this determination since those decisions are not binding on this court. A lack of precedent on a legal question will not alone satisfy the requirement. *White*, 43 F.3d at 378. This action is in the same procedural posture as numerous other similar cases around the country. The court finds the issues require further factual development.

    3.    Material Advancement of the Litigation

The third requirement to obtain certification for interlocutory appeal requires a showing that the interlocutory appeal may materially advance the ultimate termination of the litigation. *White* v. Nix, 43 F.3d at 378. Specifically, the court should consider whether the case is "an extraordinary case where the decision of an interlocutory appeal might avoid protracted and expensive litigation." *E.E.O.C. v. Allstate Ins. Co.*, 2007 WL 38675, *5 (E.D. Mo. 2007) (quotation omitted). The defendants argue that "[i]f the appeal is allowed and the Eighth Circuit reverses the Court's ruling on individual liability, all claims against these two attorneys could be resolved without having subjected them to the significant disruption sure to result from class certification proceedings and a trial." This would be true, however, in every case. The court reads the third factor in conjunction with the Eighth Circuit's admonition that interlocutory appeals should only

4

be allowed in "'extraordinary cases'" to avoid "'protracted'" litigation. Union Cnty., 525 F.3d at 646 (quoting U.S. Rubber Co., 359 F.2d at 785). Although resolution of this issue in defendants' favor would avoid the need for a trial, there has been no showing that the litigation of this would be especially protracted, nor have the Law Firm defendants presented the court with any reason to believe this is an "extraordinary" case. Also, they have not shown that an interlocutory appeal would materially advance the litigation, since the claims against other parties would remain unresolved. The court finds the Law Firm defendants have not sustained their burden to demonstrate that the case is an exceptional one in which immediate appeal is warranted. Accordingly,

IT IS ORDERED:

1. The Law Firm defendants' motion for certification of an interlocutory appeal and for a stay of proceedings (Filing No. 69) is denied.

2. The plaintiff's motion for an extension of time (Filing No. 72) to file an opposition to the defendants' motion for certification is found moot.

DATED this 25th day of July, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge