IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHARON K. HENGGELER and DAVID RANDALL, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> BRUMBAUGH & QUANDAHL P.C., LLO, KIRK E. BRUMBAUGH, MARK QUANDAHL, LIVINGSTON FINANCIAL, LLC, MIDLAND FUNDING, LLC, d/b/a ENCORE FUNDING, LLC, A Fictitious Name, and LVNV Funding, LLC, <br><br> Defendants. | CASE NO.  8:11-CV-334 <br><br> **ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND BY DEFENDANTS BRUMBAUGH & QUANDAHL P.C. LLO, KIRK BRUMBAUGH AND MARK QUANDAHL** |

COME NOW Defendants Brumbaugh & Quandahl P.C., L.L.O, Kirk Brumbaugh and Mark Quandahl (collectively, the "Brumbaugh Defendants") and for their Answer to the First Amended Class Action Complaint and Jury Demand ("Complaint") filed by Plaintiffs Sharon K. Henggeler and David Randall ("Plaintiffs"), admit and deny as follows:

1. Paragraph 1 states legal conclusions as to which no answer is required. To the extent that any factual allegations are alleged in Paragraph 1, the Brumbaugh Defendants deny those allegations.

2. Paragraph 2 states a legal conclusion as to which no answer is required. To the extent that an answer is required, the Brumbaugh Defendants deny the allegations in Paragraph 2.

3. The Brumbaugh Defendants admit that in personam jurisdiction exists and venue is proper as to the Brumbaugh Defendants. The Brumbaugh Defendants lack

information or knowledge as to the truth of the remaining allegations in Paragraph 3 and therefore deny same.

4.      The Brumbaugh Defendants lack information or knowledge as to the truth of the allegations in Paragraph 4 and therefore deny same.

5.      The Brumbaugh Defendants lack information or knowledge as to the truth of the allegations in Paragraph 5 and therefore deny same.

6.      Paragraph 6 states a legal conclusion as to which no answer is required. To the extent an answer is required, the Brumbaugh Defendants deny the allegations in Paragraph 6.

7.      The Brumbaugh Defendants admit that Brumbaugh & Quandahl is a law firm with its place of business located in Omaha, Nebraska.   The Brumbaugh Defendants deny all remaining allegations in Paragraph 7.

8.      The Brumbaugh Defendants admit that Defendant Kirk Brumbaugh is an attorney at law and an owner of Defendant Brumbaugh & Quandahl.  The Brumbaugh Defendants deny all remaining allegations in Paragraph 8.

9.      The Brumbaugh Defendants admit that Defendant Mark Quandahl is an attorney at law and an owner of Defendant Brumbaugh & Quandahl.  The Brumbaugh Defendants deny all remaining allegations in Paragraph 9.

10.      The Brumbaugh Defendants deny the allegations in Paragraph 10.

11.      The Brumbaugh Defendants lack information or knowledge as to the truth of the allegations in Paragraph 11 and therefore deny same.

12.      The Brumbaugh Defendants lack information or knowledge as to the truth of the allegations in Paragraph 12 and therefore deny same.

13.     The Brumbaugh Defendants deny that Encore Funding LLC is a fictitious name.  For further answer, the Brumbaugh Defendants affirmatively state that Encore Funding LLC is the registered trade name that the Nebraska Secretary of State approved for Defendant Midland Funding LLC.  The Brumbaugh Defendants lack information or knowledge as to the truth of the remaining allegations in Paragraph 13 and therefore deny same.

14.     The Brumbaugh Defendants lack information or knowledge as to the truth of the allegations in Paragraph 14 and therefore deny same.

15.     The Brumbaugh Defendants lack information or knowledge as to the truth of the allegations in Paragraph 15 and therefore deny same.

16.     The Brumbaugh Defendants lack information or knowledge as to the truth of the allegations in Paragraph 16 and therefore deny same.

17.     The Brumbaugh Defendants deny the allegations in Paragraph 17.

18.     The Brumbaugh Defendants deny the allegations in Paragraph 18.

19.     The Brumbaugh Defendants deny the allegations in Paragraph 19.

20.     The Brumbaugh Defendants deny the allegations in Paragraph 20.

21.     The Brumbaugh Defendants lack information or knowledge as to the truth of the allegations in Paragraph 21 and therefore deny same.

22.     The Brumbaugh Defendants deny the allegations in Paragraph 22.

23.     The Brumbaugh Defendants deny the allegations in Paragraph 23.

24.     The letters marked as Exhibits A and B speak for themselves.  The Brumbaugh Defendants deny the allegations in Paragraph 24.

25.     The letter marked as Exhibit A speaks for itself.   The Brumbaugh Defendants deny the allegations in Paragraph 25.

26.     The letter marked as Exhibit A speaks for itself.   The Brumbaugh Defendants deny the allegations in Paragraph 26.

27.     The letter marked as Exhibit A speaks for itself.   The Brumbaugh Defendants deny the allegations in Paragraph 27.

28.     The letter marked as Exhibit B speaks for itself.   The Brumbaugh Defendants deny the allegations in Paragraph 28.

29.     The letter marked as Exhibit B speaks for itself.   The Brumbaugh Defendants deny the allegations in Paragraph 29.

30.     The letter marked as Exhibit B speak for itself.   The Brumbaugh Defendants deny the allegations in Paragraph 30.

31.     The Brumbaugh Defendants deny the allegations in Paragraph 31.

32.     The Brumbaugh Defendants lack information or knowledge as to the truth of the allegations in Paragraph 32 and therefore deny same.

33.     The Brumbaugh Defendants deny the allegations in Paragraph 33.

34.     The letter marked as Exhibit C speaks for itself.   The Brumbaugh Defendants deny the allegations in Paragraph 34.

35.     The letter marked as Exhibit C speaks for itself.   The Brumbaugh Defendants deny the allegations in Paragraph 35.

36.     The letter marked as Exhibit C speaks for itself.   The Brumbaugh Defendants deny the allegations in Paragraph 36.

37.     The letter marked as Exhibit C speaks for itself.   The Brumbaugh Defendants deny the allegations in Paragraph 37.

38.     The letter marked as Exhibit C speaks for itself.   The Brumbaugh Defendants deny the allegations in Paragraph 38.

39.     The letter marked as Exhibit C speaks for itself.   The Brumbaugh Defendants deny the allegations in Paragraph 39.

40.     The Brumbaugh Defendants deny the allegations in Paragraph 40.

41.     The Brumbaugh Defendants deny the allegations in Paragraph 41.

42.     The Brumbaugh Defendants lack information or knowledge as to the truth of the allegations in Paragraph 42 and therefore deny same.

43.     Paragraph 43 states a legal conclusion as to which no answer is required. To the extent that an answer is required, the Brumbaugh Defendants deny all allegations in Paragraph 43.

44.     The Brumbaugh Defendants deny that Encore Funding LLC is a fictitious name.  For further answer, the Brumbaugh Defendants affirmatively state that Encore Funding LLC is the registered trade name that the Nebraska Secretary of State approved for Defendant Midland Funding LLC.  The Brumbaugh Defendants deny all remaining allegations in Paragraph 44.

45.     There is no Paragraph 45 in the Complaint.

46.     To the extent that Paragraph 46 contains legal conclusions, no answer is required.  To the extent that any facts are alleged in Paragraph 46, the Brumbaugh Defendants deny all factual allegations in Paragraph 46.  For further answer, the Brumbaugh Defendants affirmatively state that the letter attached as Exhibit C speaks

for itself and Encore Funding LLC is the registered trade name that the Nebraska Secretary of State approved for Defendant Midland Funding LLC.

47.     The Brumbaugh Defendants deny the allegations in Paragraph 47.

48.     To the extent that Paragraph 48 contains legal conclusions, no answer is required.  To the extent that any facts are alleged in Paragraph 48, the Brumbaugh Defendants deny all factual allegations in Paragraph 48.  For further answer, the Brumbaugh Defendants affirmatively state that Encore Funding LLC is the registered trade name that the Nebraska Secretary of State approved for Defendant Midland Funding LLC.

49.     The Brumbaugh Defendants deny the allegations in Paragraph 49.

50.     The pleading marked as Exhibit D speaks for itself.  The Brumbaugh Defendants deny the allegations in Paragraph 50.  For further answer, the Brumbaugh Defendants affirmatively state that Encore Funding LLC is the registered trade name that the Nebraska Secretary of State approved for Defendant Midland Funding LLC.

**Defendant's Routine Practices**

51.      The Brumbaugh Defendants deny the allegations in Paragraph 51.

52.     The Brumbaugh Defendants deny the allegations in Paragraph 52.

53.     The Brumbaugh Defendants deny that Encore Funding LLC is a fictitious name.  For further answer, the Brumbaugh Defendants affirmatively state that Encore Funding LLC is the registered trade name that the Nebraska Secretary of State approved for Defendant Midland Funding LLC.  The Brumbaugh Defendants lack information or knowledge as to the truth of the remaining allegations in Paragraph 53 and therefore deny same.

**Class Allegations**

54.    The Brumbaugh Defendants deny the allegations in Paragraph 54.

55.    The Brumbaugh Defendants deny the allegations in Paragraph 55.

56.    The Brumbaugh Defendants deny the allegations in Paragraph 56.

57.    The Brumbaugh Defendants deny the allegations in Paragraph 57.

58.    The Brumbaugh Defendants deny the allegations in Paragraph 58.

59.    The Brumbaugh Defendants deny the allegations in Paragraph 59.

60.    The Brumbaugh Defendants deny the allegations in Paragraph 60.

61.    The Brumbaugh Defendants deny the allegations in Paragraph 61.

62.    The Brumbaugh Defendants deny the allegations in Paragraph 62.

63.    The Brumbaugh Defendants deny the allegations in Paragraph 63.

64.    The Brumbaugh Defendants deny the allegations in Paragraph 64.

65.    The Brumbaugh Defendants deny the allegations in Paragraph 65.

66.    The Brumbaugh Defendants deny the allegations in Paragraph 66, including all subparts.

67.    The Brumbaugh Defendants deny the allegations in Paragraph 67.

68.    The Brumbaugh Defendants deny the allegations in Paragraph 68.

**Count I -- Fair Debt Collection Practices Act**

69.    The Brumbaugh Defendants restate and incorporate by this reference their answers to Paragraphs 1 - 68 of the Complaint, as if fully set forth herein.

70.    The Brumbaugh Defendants deny the allegations in Paragraph 70.

71.    The Brumbaugh Defendants deny the allegations in Paragraph 71.

The Brumbaugh Defendants deny that Plaintiffs are entitled to the relief requested in Paragraphs A. - E. of the Prayer for Relief in Count I of the Complaint.

## Count II -- Consumer Protection Act

72.     The Brumbaugh Defendants restate and incorporate by this reference their answers to Paragraphs 1 - 71 of the Complaint, as if fully set forth herein.

73.     The Brumbaugh Defendants deny the allegations in Paragraph 73.

74.     The Brumbaugh Defendants deny the allegations in Paragraph 74.

75.     The Brumbaugh Defendants deny the allegations in Paragraph 75.

76.     The Brumbaugh Defendants deny the allegations in Paragraph 76.

77.     The Brumbaugh Defendants deny the allegations in Paragraph 77.

78.     The Brumbaugh Defendants deny the allegations in Paragraph 78.

79.     The Brumbaugh Defendants deny the allegations in Paragraph 79.

80.     The Brumbaugh Defendants deny the allegations in Paragraph 80.

81.     The Brumbaugh Defendants deny the allegations in Paragraph 81.

The Brumbaugh Defendants deny that Plaintiffs are entitled to the relief requested in Paragraphs A. - E. of the prayer for relief in Count II of the Complaint.

## Affirmative Defenses

1.     The Complaint fails to state a claim for which relief can be granted.

2.     Plaintiffs' claims are barred by the doctrine of waiver.

3.     Plaintiffs' claims are barred by the doctrine of estoppel.

4.     Plaintiffs' claims are barred by the doctrine of laches.

5.     Plaintiffs' claims are barred by the doctrine of judicial admission.

6.     The Brumbaugh Defendants deny that any violations of 15 U.S.C. § 1692 et seq. occurred.   However, to the extent any such violations did occur, all such violations were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid such errors, within the meaning of 15 U.S.C. § 1692k(c).

7.     Encore Funding LLC is the registered trade name that the Nebraska Secretary of State approved for Defendant Midland Funding LLC.

8.     The Brumbaugh Defendants reserve the right to raise any additional defenses that become relevant through discovery.

WHEREFORE, having fully answered, the Brumbaugh Defendants pray that Plaintiffs' Complaint be dismissed with prejudice and that the Brumbaugh Defendants recover their costs expended herein.

### DEMAND FOR JURY TRIAL

The Brumbaugh Defendants hereby demand a trial by jury on all issues so triable.

BRUMBAUGH & QUANDAHL P.C., LLO,
KIRK E. BRUMBAUGH and
MARK QUANDAHL,  Defendants

BY:   /s/Joseph E. Jones
        Joseph E. Jones, #15970
        Elizabeth A. Culhane, #23632
        FRASER STRYKER PC LLO
        500 Energy Plaza
        409 South 17th Street
        Omaha, NE  68102-2663
        (402) 341-6000
        jjones@fraserstryker.com
        eculhane@fraserstryker.com
        ATTORNEYS FOR DEFENDANTS
        BRUMBAUGH & QUANDAHL P.C., LLO,
        KIRK E. BRUMBAUGH AND
        MARK QUANDAHL

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court for the United States District Court for the District of Nebraska using the CM/ECF system this 6th day of August, 2012, which system sent notification of such filing to counsel of record.

/s/  Joseph E. Jones

652777 v1