IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHARON K. HENGGELER and DAVID RANDALL, on behalf of themselves and all others similarly situated, | ) ) ) ) | 8:11CV334 |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | **ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| BRUMBAUGH & QUANDAHL P.C., LLO, KIRK E. BRUMBAUGH, MARK QUANDAHL, LIVINGSTON FINANCIAL, LLC, MIDLAND FUNDING, LLC, d/b/a ENCORE FUNDING, LLC, a Fictitious Name, and LVNV Funding, LLC, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on the parties' joint motion for preliminary approval of class action settlement, Filing No. 134. This is a purported class action for damages for violations of the Fair Debt Collection Act. . Sharon K. Henggeler and David Randall (hereinafter referred to as "Plaintiffs" or "Class Representatives"), and Defendants Brumbaugh & Quandahl, P.C., LLO, Kirk E. Brumbaugh, and Mark Quandahl (hereinafter referred to as the "B&Q Defendants") have agreed, subject to court approval, notice to the class and a fairness hearing, to settle this action. Filing No. 136, Index of Evid., Ex. 1A, Class Action Settlement Agreement (hereinafter referred to as the "Agreement").

**I. FACTS**

For purposes of the settlement,[1] the parties seek preliminary certification of the following Nebraska class of plaintiffs (hereinafter, the "Henggeler/Randall Class"):

---

[1] The parties have agreed that the execution of the Agreement, any related documents, certification of the class, and any other act taken or court paper filed in furtherance of the Agreement shall

> (a) All Nebraska residents to whom Brumbaugh & Quandahl, P.C., LLO sent or caused to be sent a letter in the form of Exhibit A, Exhibit B, and/or Exhibit C (attached to the Complaint); (b) on behalf of Defendants Livingston, Midland, and/or LVNV; (c) in an attempt to collect a debt incurred for personal, family or household purposes; (d) during the period from September 27, 2010, through the date of certification.

Ex. 1A, Agreement, ¶2.  The B&Q Defendants represent that there are approximately 5,409 Henggeler/Randall Class members.

The parties propose that the court appoint plaintiffs Sharon K. Henggeler and David Randall as the Class Representatives and attorneys William L. Reinbrecht and Pamela A. Car of the law firm Car & Reinbrecht, P.C., LLO, and O. Randolph Bragg of the law firm Horwitz, Horwitz & Associates, Ltd. (hereinafter, "Class Counsel") as counsel for the Henggeler/Randall Class members.   See Filing No. 136, Index of Evid. Exs. 2 & 4, Class Counsel's qualifications.

Additionally, the parties propose to use First Class Inc. (hereinafter, referred to as the "Settlement Administrator"), a class action administration service, to administer the settlement.  *See id.*, Ex. 1A, Agreement at 6.  The Agreement provides that the B&Q Defendants will provide the names and addresses of the Henggeler/Randall Class members to the Settlement Administrator and to Class Counsel and the Settlement Administrator will thereafter mail a written notice of the proposed class action settlement to each Henggeler/Randall Class member in substantially the form attached to the Agreement as Exhibit 5.  *Id.* at 8.  Under the Agreement, before sending the notice, the Settlement Administrator will confirm and, if necessary, update the addresses for the

---

not be used to urge that a "litigation class" pursuant to Fed. R. Civ. P. 23 is appropriate.  In the event this settlement is not approved, the B&Q defendants and defendants Livingston Financial, LLC, Midland Funding, LLC, and LVNV Funding, LLC, retain any and all rights to object to the maintenance of this action, or any other action, as a class action and to contest this action, or any other action, on any other grounds.

Henggeler/Randall Class members through the standard methodology that the Settlement Administrator currently uses to update addresses, which shall include use of the National Change of Address (NCOA) system. *Id.* at 8-9. The B&Q Defendants, through their insurer, shall be responsible for all costs and expenses of sending notice and distributing checks to the class members and the costs of administration. *Id.*

The Agreement provides for a settlement fund of $20,000, paid pro rata to the class members who do not exclude themselves from the class. The Agreement also provides a payment of $5,000 to each of the plaintiffs in recognition of their services as Class Representatives. The Agreement provides a mechanism for class members to exclude themselves from the settlement by sending a written request to the Settlement Administrator, as set forth in the notice, within 60 days of order of preliminary approval ("opt-out deadline"). *Id.* at 9. The Settlement Administrator is to provide a list of the names of the class members who have opted out to counsel within 10 business days after the opt-out deadline, for filing with the court in connection with the parties' joint motion for final approval of the Settlement Agreement. *Id.* The Agreement also provides an opportunity for class members to object to the proposed agreement by filing a written objection with the court, as set forth in the notice, within 60 days of the date of this order.[2]

In the Agreement, the B&Q Defendants agree to pay reasonable attorney fees and costs as awarded by the court for prosecution of a "successful action" under 15

---

[2] The Agreement and the notice provide that to be effective, the written request for exclusion must state: the name and case number of this case, the Henggeler/Randall Class member's full name, address, and telephone number; and that the Henggeler/Randall Class member wishes to be excluded. Also, the Settlement Administrator is to provide a list of the names of each Henggeler/Randall Class member who submitted a notice of exclusion to counsel for the parties and a copy of that list is to be filed with the court along with the parties' motion for final approval of class action settlement.

U.S.C. § 1692k. The parties and their respective counsel also agree that they will negotiate in good faith in an attempt to reach an agreement on attorney fees, costs, and expenses, but reserve their right to oppose Class Counsel's motion for fees and expenses if they are unable to agree to a reasonable fee award. The Agreement provides that the award of fees, costs, and expenses will be in addition to the settlement fund and will not reduce the settlement amounts to be provided to the class members.

## II. Law

Under the Federal Rules of Civil Procedure, one or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a); see *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997) (describing requirements as (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation). "In order to obtain class certification, a plaintiff has the burden of showing that the class should be certified and that the requirements of Rule 23 are met." *Coleman v. Watt*, 40 F.3d 255, 258 59 (8th Cir. 1994).

A number of factors are relevant to the numerosity requirement of Rule 23(a), "the most obvious of which is, of course, the number of persons in the proposed class." *Paxton v. Union Nat. Bank*, 688 F.2d 552, 559 (8th Cir. 1982); compare *Tate v. Weyerhaeuser Co.*, 723 F.2d 598, 609 (8th Cir. 1983) (noting that seven to fourteen class members is not enough) with *Arthur Young & Co. v. Reves*, 937 F.2d 1310, 1323

(8th Cir. 1991) (finding that 1,685 potential plaintiffs was a sufficiently large number). In addition to the size of the class, the court may also consider the nature of the action, the size of the individual claims, the inconvenience of trying individual suits, and any other factor relevant to the practicability of joining all the putative class members. *Paxton*, 688 F.2d at 559, 60; *Tate*, 723 F.2d at 609 (it is appropriate for the district court to consider "that trying the individual suits would not be inconvenient because it could examine the factual basis of" each class member's complaint). A putative representative may fail its burden to show numerosity where he or she does not actually identify even the approximate size of the class or demonstrate the impracticability of joinder. *Belles v. Schweiker*, 720 F.2d 509, 515 (8th Cir. 1983).

The commonality requirement is satisfied if the claims of the class "depend upon a common contention" whose "truth or falsity will resolve an issue that is central to the validity" of each class member's claims. *Wal-Mart v. Dukes*, 131 S. Ct. 2541, 2551 (2011). Commonality is not required on every question raised in a class action. *DeBoer v. Mellon Mortgage Co.*, 64 F.3d 1171, 1174 (8th Cir. 1995). Rather, Rule 23 is satisfied when the legal question linking the class members is substantially related to the resolution of the litigation. *Id.* (quoting *Paxton*, 688 F.2d at 561).

Typicality under Rule 23(a)(3) means "that there are 'other members of the class who have the same or similar grievances as the plaintiff.'" *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1540 (8th Cir. 1996) (quoting *Donaldson v. Pillsbury Co.*, 554 F.2d 825, 830 (8th Cir. 1977)). The burden is fairly easily met so long as other class members have claims similar to the named plaintiff. *Id.* (noting that factual variations in the individual claims will not normally preclude class certification if the claim arises from

5

the same event or course of conduct as the class claims, and gives rise to the same legal or remedial theory).

The adequacy of representation requirement of Rule 23(a)(4) is of critical importance in every class action. *Hervey v. City of Little Rock*, 787 F.2d 1223, 1230 (8th Cir. 1986). The adequacy of representation inquiry reflects concerns about whether the class representatives have common interests with the members of the class and whether they and their counsel will competently and vigorously pursue the lawsuit. *Id.*; *Paxton*, 688 F.2d at 562-63.

If the requirements of numerosity, commonality, typicality, and adequacy are satisfied, a plaintiff must satisfy one of the three subsections of Rule 23(b). *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013); *In re St. Jude Medical, Inc.*, 425 F.3d 1116, 1119 (8th Cir. 2005). Rule 23(b)(3) provides that a class action may be maintained if the court finds the questions of law or fact common to members of the class predominate over the questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the dispute. *Id.*; Fed. R. Civ. P. 23(b)(3). "Rule 23(b)(3) requires a showing that questions common to the class predominate, not that those questions will be answered, on the merits, in favor of the class." *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1191, (2013). The predominance inquiry requires an analysis of whether a prima facie showing of liability can be proved by common evidence or whether this showing varies from member to member. *Halvorson v. Auto-Owners Ins. Co.*, 718 F.3d 773, 778 (8th Cir. 2013). The matters pertinent to the Rule 23(b)(3) inquiry include: the class members' interests in individually controlling the prosecution or defense of separate

actions; the extent and nature of any litigation concerning the controversy already begun by or against class members; the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3)(A)-(D).

In addition to the Rule 23(a) and (b) requirements, "[a]n order certifying a class action must define the class and the class claims, issues, or defenses, and must appoint class counsel under Rule 23(g)." Fed. R. Civ. P. 23(c)(1)(B).

In considering preliminary approval of a proposed settlement in a class action case, the court makes a preliminary evaluation of the fairness of the settlement, prior to notice. Manual of Complex Litigation (Fourth) § 21.632; *see also* Fed. R. Civ. P. 23(e). First, the court must make a preliminary determination of the fairness, reasonableness and adequacy of the settlement terms and must direct the preparation of notice of the proposed settlement and the date of the fairness hearing. *Id.* After an agreement is preliminarily approved, the second step of the process ensues: notice is given to the class members of a hearing, at which time class members and the settling parties may be heard with respect to final court approval. *Id.*

A district court is required to consider four factors in making a final determination that a settlement is fair, reasonable, and adequate: (1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement. *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 931 (8th Cir. 2005). A court may also consider procedural fairness to ensure the settlement is "not the product of fraud or collusion." *Id.* at 934. The experience and opinion of

7

counsel on both sides may be considered, as well as whether a settlement resulted from arm's length negotiations, and whether a skilled mediator was involved.  See *DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1178 (8th Cir. 1995).  A court may also consider the settlement's timing, including whether discovery proceeded to the point where all parties were fully aware of the merits.  See *City P'ship Co. v. Atlantic Acquisition Ltd. P'ship,* 100 F.3d 1041, 1043 (1st Cir. 1996).

### III.  DISCUSSION

The court preliminarily finds that the action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23.  The parties have shown that the class is capable of being ascertained and consists of approximately 5,500 people.  That number of people is so numerous that joinder of all of them in the action would be impracticable, if not virtually impossible.

The court also finds that there are questions of law and fact common to the Henggeler/Randall Class members and that those issues predominate over any individual issues.  The plaintiffs' claims and the claims of the putative class members are identical and would be established with common evidence.  Because the maximum potential recovery under the FDCPA is only $1,000 in statutory damages per person, individual class members have little incentive to litigate their claims individually in view of the high cost of litigation.

Also, the parties have shown that the claims of the Class Representatives are typical of the claims of the Henggeler/Randall Class members.  Further, the parties have shown that Class Counsel can fairly and adequately represent and protect the interests of all of the class members.  The law firms designated as Class Counsel have

considerable experience and expertise in this type of litigation. It appears that class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

In addition, the court finds the settlement agreement satisfies the procedural requirements for providing notice and opportunities for exclusion. The proposed notice and method of notification of the terms and conditions of the settlement meets the requirements of Fed. R. Civ. P. 23(c)(2)(B), satisfies due process, and constitutes the best notice practicable under the circumstances. The court finds that the proposed notice is clearly designed to advise the class members of their rights. The Agreement provides for individual mailed notices to each of the class members. Individual notice is the best notice practicable. The proposed notice appears reasonably calculated to apprise the class members of the pendency of the action and to provide them an opportunity to present their objections. Accordingly, the court will approve the form and substance of the notice of class action settlement described in Paragraph 9 of the Agreement and attached to the Agreement as Exhibit 5.

The court has reviewed the submissions of the parties and preliminarily finds that settlement of the dispute between the parties on the terms and conditions set forth in the proposed agreement is fundamentally fair, reasonable, adequate, and in the best interest of the class members. In view of the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the class; and, the limited amount of any potential total recovery for the class, the settlement provides significant benefits to the

class members. Under 15 U.S.C. § 1692k, the putative class members' recovery is limited to the lesser of 1% of the net worth of the debt collector or $500,000.00. Class counsel has shown that the parties have exchanged information regarding the net worth of Brumbaugh & Quandahl, P.C., LLO, and has considered the net worth of the individual defendants in determining the settlement payment amount. In light of the fact that the chances of success at trial are uncertain, the court finds the amount of the payment to the class members is fair and reasonable.

The parties have also shown that the settlement is the result of arms-length negotiations. Counsel for all parties have considerable experience in class action litigation and the settlement was reached during a mediation presided over by the Honorable Magistrate Judge Cheryl Zwart.

The court finds the proposed settlement agreement between the plaintiff class and defendants appears, on preliminary review, to be within the range of reasonableness and, accordingly, the court finds the proposed partial settlement should be submitted to class members for their consideration and a fairness hearing under Fed. R. Civ. P. 23(e) should be held, after which an order of final approval will issue.

IT IS ORDERED:

1. The parties' joint motion for preliminary approval of class action settlement (Filing No. 134) is granted.

2. Pursuant to Fed. R. Civ. P. 23(b)(3), this action is preliminarily certified, for settlement purposes only, as a class action on behalf of the following class:

> (a) all Nebraska residents to whom Brumbaugh & Quandahl P.C., LLO sent or caused to be sent a letter in the form of Exhibit A, Exhibit B and/or Exhibit C (attached to the Complaint); (b) on behalf of Defendants Livingston, LVNV or Midland; (c) in an attempt to collect a debt incurred

10

for personal, family or household purposes; (d) during the period from September 27, 2010 to the date of certification.

3. Plaintiffs Sharon K. Henggeler and David Randall are designated as the Class Representatives and William L. Reinbrecht and Pamela A. Car of the law firm Car & Reinbrecht and O. Randolph Bragg of the law firm Horwitz, Horwitz & Associates, Ltd. are designated as counsel for the class.

4. The proposed settlement agreement (Filing No. 136, Ex. 1A (DOC # 136-2 Page ID # 941-960) is preliminarily approved and is incorporated herein.

5. A fairness hearing is set for **February 6, 2014, at 9:00 a.m.**, in Courtroom No. 3, Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Omaha, Nebraska, to consider whether the settlement should be given final approval

6. A Notice of Proposed Settlement of Class Action & Fairness Hearing in substantially the same form as that attached as Ex. 5 to Filing No. 136 (Doc # 136-6 Page ID # 989-993) is hereby approved.

7. The B&Q Defendants, through the Settlement Administrator, shall cause the completed notices to be mailed to the Henggeler/Randall Class members by first class mail within 14 calendar days of the date of this order.

8. In conformity with the Class Action Fairness Act, 28 U.S.C. § 1715(b), counsel for the B&Q Defendants shall serve written notice of the proposed class settlement on the United States Attorney General and the Attorney General for the State of Nebraska within 10 days of the date of this order.

9. Class members who do not wish to be bound by the Settlement Agreement may exclude themselves from the class by filing a written request for exclusion to the Settlement Administrator within 60 days of the date of this order.

11

10. Class members (who do not timely elect to exclude themselves from the class) may object to the proposed settlement by filing a notice of their objections with the court within 60 days of the date of this order.

11. Class members may appear and be heard at the hearing by filing a written notice with the court briefly stating their objections no later than fourteen (14) days prior to the fairness hearing.

12. Counsel should be prepared at the hearing to respond to objections filed by class members and to provide other information, as appropriate, bearing on whether or not the settlement should be approved.

13. Any submissions by the parties, including memoranda in support of the proposed settlement and responses to any objections, shall be filed with the court no later than seven (7) days prior to the fairness hearing.

DATED this 25th day of October, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge