IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHARON K. HENGGELER, On behalf of herself and all others similarly situated; and DAVID RANDALL, on behalf of himself and all others similarly situated;<br><br>     Plaintiffs,<br><br>  v.<br><br>BRUMBAUGH & QUANDAHL, P.C., LLO, KIRK E. BRUMBAUGH, MARK QUANDAHL, LIVINGSTON FINANCIAL, LLC, MIDLAND FUNDING, LLC, d/b/a ENCORE FUNDING, LLC, A Fictitious Name, and LVNV FUNDING, LLC,<br><br>     Defendants. | 8:11CV334<br><br>MEMORANDUM AND ORDER |

  This matter is before the court on the plaintiffs' motion for attorney fees and costs, Filing No. 139, and supplemental request for attorney fees, Filing No. 153. This is a class action for violations of the Fair Debt Practices and Collection Act, 15 U.S.C. § 1692, *et seq.* (hereinafter, "FDCPA" or "the Act"), and the Nebraska Consumer Protection Act ("NCPA"), Neb. Rev. Stat. § 59–1601 et seq.

  I. FACTS

  The plaintiff class and defendants Brumbaugh & Quandahl, P.C., LLO, Kirk E. Brumbaugh, and Mark Quandahl ("the B&Q defendants") have entered into a Class Action Settlement Agreement ("the Agreement") that resolves this litigation. Filing No. 136, Exhibit ("Ex.") A (Filing No. 136-2 at pp. 1-20). The court has granted the class action settlement preliminary and final approval. Filing Nos. 137 & 155.

  The Settlement Agreement provides that "the B&Q Defendants agree to pay reasonable attorney fees and costs as the Court may award for prosecution of a

'successful action' under 15 U.S.C. § 1692k." Filing No. 136, Settlement at 13 (Filing No. 136-2 at p. 13).  The parties further agreed to negotiate the fees in good faith, and the B&Q defendants reserved the right to object to the fees and to appeal any award. *Id.*, Settlement at 14 (Filing No. 136-2 at p. 14).  The Agreement also provides that the consideration for settlement is not contingent on the attorney fees, and the attorney fee issue is to be considered separately from the Agreement.  *Id.*

The record shows that, by way of the settlement, the plaintiff class recovered $5,000 each for class representative and a settlement fund of $20,000 for distribution to the class.[1]  *Id.* at 11-12 (Filing No. 136-2 at pp. 11-12).  Importantly, the plaintiffs obtained injunctive relief—the B&Q defendants agreed to change the collection letters that are the subject of the action.  *Id.* at 11.  In exchange, the plaintiffs released their claims against all of the defendants, including Livingston Financial, LLC, Midland Funding, LLC, and LVNV Funding, LLC.  Id. at 5.

The court held a fairness hearing on the parties' joint motion for final approval of class settlement on February 6, 2014, and no one appeared at the hearing to object to the class settlement, including its attorney fees provisions.  At the hearing, the B&Q defendants orally objected to the plaintiffs' supplemental request for fees, for the same reasons set forth in their earlier opposition to the plaintiffs' motion.  See Filing No. 146, Brief in Opposition to Motion for fees.

The plaintiffs request fees in the total amount of $122,101.00 for work completed through December 12, 2013, and $15,230.00 for fees from December 13, 2013, to the

---

[1] The plaintiffs have shown that $20,000 represents approximately 1% of the defendants' net worth the maximum recovery under the FDCPA.  See 15 U.S.C. §1692k(a)(2)(A).

2

present, for a total attorney fee of $143,997.19. Filing No. 153, Index of Evid., Ex. 4, Graph at 1 (Filing No. 153-1 at p. 1).[2]

In support of their motions, the plaintiffs have submitted detailed timesheets. *See* Filing No. 153, Index of Evid., Ex. 5A (Filing No. 153-3); Ex. 6A (Filing No. 153-5); Ex. 7A (Filing No. 153-3); Filing No. 141, Index of Evid., Ex. 1A (Filing No. 141-2), Ex. 2A (Filing No. 153-4), Ex. 3A (Filing No. 141-6). Mr. Bragg requests $425.00 per hour for his work, which is a reduction from his regular hourly rate of $495.00. Filing No. 141, Index of Evid., Ex. 1, Declaration of O. Randolph Bragg at 15-16 (Filing No. 141-1 at pp. 15-16). Mr. Bragg also requests fees for paralegal Shannon Carter's services at the rate of $125.00 per hour. *Id.* at 16. Attorneys Car and Reinbrecht request $325.00 and $300.00 per hour, respectively. *Id.*, Ex. 2, Declaration of Pamela Car at 6 (Filing No. 141-3 at p.6); Ex. 3, Declaration of William Reinbrecht at 6 (Filing No. 153-3); The original fee request represents 141.9 hours of work by attorney Bragg; 64.6 hours of work by attorney Car and 141.4 hours of work by attorney Reinbrecht and 4.4 hours of work by paralegal Carter. Filing No. 141, Index of Evid., Ex. 1A (Filing No. 141-2); Ex. 2A (Filing No. 141-4); Ex. 3A (Filing No. 141-6). In their supplemental request, they seek fees for 16.3 hours of work by attorney Bragg, 11.1 hours of work by attorney Car, and 17.95 hours of work by attorney Reinbrecht. Filing No. 153, Index of Evid., Ex. 5A (Filing No. 153-3); Ex. 6A (Filing No. 153-5); Ex. 7A (Filing No. 153-7). Attorneys Bragg, Car and Reinbrecht have also shown they have extensive experience litigating

---

[2] That sum can be broken down as follows: $42,426 in fees up to December 13, 2013, plus $4,695.00 for work performed thereafter, by William L. Reinbrecht; $18,817 in fees up to December 13, 2013, plus $3,607.50 for work thereafter, by Pamela A. Car; $60,857 in fees up to December 13, 2013, plus $6,927.50 for work thereafter performed by O. Randolph Bragg, and $550 for work by paralegal Shannon Carter. *Id.*

3

FDCPA and other consumer cases and have achieved similar attorney fees awards in other cases. Filing No. 141, Index of Evid., Exs. 1, 2, and 3.

The plaintiffs further seek reimbursement of $6,666.19 in costs and expenses. They have shown they incurred expenses for process service, depositions and transcripts, and travel. Filing No. 141, Index of Evid., Ex. 2B (Filing No. 141-2 at p. 25)

The defendants object to the award of fees. See Filing No. 146. They argue that the plaintiffs were not wholly successful and that the fees should be reduced to account for lack of success against the other named defendants. Further, they argue that the hourly rate of $450 per hour for work performed by plaintiffs' Chicago counsel is unreasonable in the local market. They also assert that local counsel's hourly rates are excessive, arguing that a reasonable rate would be no more than $225.00 per hour. They further argue that certain charges are duplicative and/or excessive.

II. LAW

A thorough judicial review of fee applications is required in all class action settlements. *In re Diet Drugs*, 582 F.3d 524, 537–38 (3d Cir. 2009); *Johnson v. Comerica Mortgage Corp.*, 83 F.3d 241, 246 (8th Cir. 1996) (noting that the district court bears the responsibility of scrutinizing attorney fee requests). Courts utilize two main approaches to analyzing a request for attorney fees: (1) the "lodestar" methodology (multiplying the hours expended by an attorney's reasonable hourly rate of compensation to produce a fee amount that can be adjusted to reflect the individualized characteristics of a given action); and (2) the "percentage of the benefit" approach (permitting an award of fees that is equal to some fraction of the common fund that the

attorneys were successful in gathering during the course of the litigation). *Johnston*, 83 F.3d at 244–45. It is within the court's discretion to decide which method to apply. *Id.*

Under the FDCPA, in addition to compensatory damages, district courts are empowered to award individual plaintiffs "additional damages" of up to $1,000 per consumer. 15 U.S.C. § 1692k(a)(1) & (2). In the case of a class action, each named plaintiff can recover compensatory and "additional damages" of up to $1,000, and "such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector." 15 U.S.C. §§ 1692k(2)(B).

Plaintiffs who prevail under the Fair Debt Collection Practices Act are entitled to an award of costs and reasonable attorney's fees. 15 U.S.C. § 1692k(a)(3); (stating that the statute "contemplate[s] an award of costs and 'a reasonable attorney's fee as determined by the court' in the case of 'any successful action to enforce the foregoing liability.'" *Jerman v. Carlisle, McNellie, Rini, Kramer, & Ulrich LPA*, 559 U.S. 573, 598 (2010)(quoting 15 U.S.C. § 1692k(a)(3)); *Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir. 1995) (holding that the award of attorney's fees to plaintiffs for a debt collector's violation of "any provision" of the FDCPA is mandatory); *see also Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 28 (2d Cir. 1989) (the award of attorney's fees to a successful plaintiff in an FDCPA action is mandatory); *Carroll v. Wolpoff & Abramson*, 53 F.3d 626, 628–29 (4th Cir. 1995) (an award of attorney's fees under the FDCPA is mandatory in the absence of bad faith conduct on the part of the plaintiff); *Graziano v. Harrison*, 950 F.2d 107, 114 & n.13 (3d Cir. 1991) (same). A plaintiff who has obtained an award of statutory or actual damages certainly qualifies as successful. *French v.*

5

*Corp. Receivables, Inc.*, 489 F.3d 402, 403 (1st Cir. 2007). The FDCPA mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general. *Graziano*, 950 F.2d at 113; *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011) (noting that "[t]hough the Federal Trade Commission ("FTC") is empowered to enforce the FDCPA, Congress encouraged private enforcement by permitting aggrieved individuals to bring suit as private attorneys general") (citation omitted).

"Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) (stating that "[n]ormally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified."). Although there is no precise formula for determining a reasonable fee, the district court generally begins by calculating the lodestar—the attorney's reasonable hourly rate multiplied by the number of hours reasonably expended. *Hensley*, 461 U.S. at 433–37; *Marez v. Saint–Gobain Containers, Inc.*, 688 F.3d 958, 965 (8th Cir. 2012). "At that point, other factors 'may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'" *Marez*, 688 F.3d at 965 (quoting *Hensley*, 461 U.S. at 434). The district court should consider the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).[3] *See Marez*, 688 F.3d at 966 n.4.

---

[3] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8)

Reimbursement for work performed by out-of-town lawyers charging out-of-town rates is generally permitted only when in-town counsel with expertise in a particular area cannot be located. *See, e.g., Avalon Cinema Corp. v. Thompson*, 689 F.2d 137, 140–41 (8th Cir. 1982).

III. DISCUSSION

The court is familiar with the litigation, and finds, to the extent it is disputed, that the plaintiffs are successful parties for purposes of the fee award.  The parties explicitly agreed in the Settlement that the plaintiff class could move for fees as a successful party.  Regardless of the stipulation, the court finds the plaintiff class has achieved a significant degree of success in that it recovered the maximum amount of statutory damages under the FDCPA and the Nebraska Consumer Protection Act.  Prospectively, the defendants have agreed to make changes in their form collection letters.

Also, the plaintiffs prevailed on every motion in the case.  The defendants mounted a vigorous defense to the plaintiffs' claims and cannot now contend that the plaintiffs' efforts in responding thereto were excessive.

As a successful party under U.S.C. § 1592(k), the plaintiffs are entitled to attorney fees.  No class members have objected to the settlement or to the motion for fees.  The plaintiffs have demonstrated that counsels' services have benefitted the

---

the amount of time involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional limitations imposed by the client or the circumstances; (8) the amount of time involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19.

class. The defendants agreed that the award of fees will not diminish the class member's recovery.

The court has reviewed the declarations of counsel and time records submitted in connection with the motion. The court is familiar with hourly rates in this community and with the skill and abilities of the attorneys involved in this litigation. The court finds the time and labor expended by lead counsel in this case is reasonable and necessary to prosecute a case of this nature. The defendants' vigorous defense of the suit made it necessary for the plaintiffs to expend numerous hours in response.

The court rejects defendant B&Q's contention that the fee award should be reduced to account for time spent on claims against the other defendants. The claims against the other defendants were intertwined with the claims against B&Q, and the plaintiffs' claims against the other defendants were released in the settlement agreement.

The court finds, however, based on its familiarity with fees in this community, that hourly rates of $300 per hour for Ms. Car and $275 per hour for Mr. Reinbrecht are reasonable in this community in view of the skill and experience of the attorneys and in view of the complexity of class-action consumer litigation. Those rates represent an increase of approximately ten-percent over the rates attorneys Car and Reinbrecht sought in this court last year.[4] The court also finds that $125.00 per hour is a reasonable rate for a paralegal in this community.

---

[4] A little more than one year ago, attorneys Car and Reinbrecht sought and obtained an attorney fees award at respective hourly rates of $275 and $250 per hour. *See Erickson v. Credit Bureau Servs., Inc.*, No. 8:11cv215, Filing No. 132, Memorandum and Order at 9 (D. Neb. Feb. 22, 2013).

8

With respect to out-of-town counsel O. Randall Bragg, the court finds that an hourly rate of $450 is out of line with rates in this locality, although they may be appropriate in Chicago and similar cities. Although the plaintiffs have shown that few law firms in Omaha litigate class-action FDCPA claims, it would be feasible to prosecute the action with only local counsel. In light of the finding that competent attorneys such as Car and Reinbrecht practice this sort of consumer-protection law locally, the court finds Bragg should recover an hourly rate of $325 for his services. This is also an incremental increase over the fees he was awarded by this court last year.[5] This rate also accounts for the difference in local attorney fees, the level of Bragg's expertise, and the complexity of the case.

Accordingly, plaintiffs are entitled to a fee award of $22,710.00 for the services of Pamela Car (representing 75.7 hours at $300 per hour); $43,821.25 for the services of William Reinbrecht (159.35 hours at $275.00 per hour); $51,415.00 for the services of O. Randall Bragg (158.2 hours at $325.00 per hour); and $550 for the services of paralegal Shannon Carter (4.4 hours at $125.00 per hour), for a total award of $118,496.25.

The court further finds the plaintiffs are entitled to $6,666.19 in recoverable costs. Again, the defendants are not entitled to any reduction for costs expended on unsuccessful claims. The court finds the costs are fair and reasonable and were necessary to prosecute the claims on behalf of the class. Accordingly,

IT IS ORDERED:

---

[5] In 2013, Bragg recovered hourly rates of $300 per hour. *Erickson,* No. 8:11cv215, Filing No. 132, Memorandum and Order at 9 (D. Neb. Feb. 22, 2013).

1.	The plaintiffs' motions for attorney fees (Filing No. 139) and supplemental fees (Filing No. 153) are granted.

2.	The plaintiffs are awarded attorney fees in the amount of $118,496.25 and costs in the amount of $6,666.19.

3.	A judgment in accordance with this Memorandum and Order will issue this date.

Dated this 26th day of February, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge